IN THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF ALABAMA

BOBBY J. CAMPBELL
(PLAINTIFF)

-VS-

CASE NO: To Be Supplied By Clerk

JEFFERSON DUNN, ET. AL
ADOC COMMISSIONER

2:18-cv-01732-MHH-JEO

(DEFENDANT)

    Comes Now the Plaintiff, By and Through Himself, and Moves this Honorable Court to Allow him to Proceede in this Matter in Conjunction with 42 U.S.C. Section 1983 for the Civil Rights Violations he faced while within the Custody of the Alabama Department of Corrections where he Suffered from Cruel & Unusual Punishment, Excessive Use of Force, Denial of Access to the Court, Torture, Sexual Assault, Rape, Starveation at the Hands of Enemies, and Staff members who were in fact Undocumented Enemies known of by ADOC operations, and ADOC I&I Investigators.

    The Plaintiff did file a U.S.C. 42 Section 1983 on this matter seeking Emergency Injunctive Relief in order to Stop said Abuses and to Remove him from the Danger he was in, April 2017 which was eventually Dismissed without Prejudice for Failure to Prosecute. (See Case No: 2:17-CV-00600-AKK-JEO) This Dismissal was Caused Because the ADOC Intentionally kept Plaintiff from being able to provide an In forma Pauperis Declaration, and Because they Moved him from ADOC Custody to a County Jail from May 2017 to July 28 2017 without forwording him his legal mail so that suit would be Dismissed

(1)

And then transferred him back to danger where he was beaten to such degree that once removed from the ADOC custody and placed in FBOP custody he had to be rushed from the facility in Butner, NC to the Duke University Hospital where he was admitted for blunt force abdominal trauma were his stomach had been stomped through his diaphragm, and where he eventually suffered from (2) two collapsed lungs that almost led to his death. (See medical report filed with this court in June 2018 that confirms the forgoing). Futher more the plaintiff (2) two weeks prior to his transfer away from the custody of the ADOC was again treated at the Brookwood Medical Center where he was hospitalized, and it was discovered that during one of the sexual assaults a peice of wood was broke off in his rectum.

    Plaintiffs condition kept him from re-filing to the court in order to have his case on this matter re-opened, However when he was able to After a long hospitalization, and physical therapy he did request to the court in June 2018 that it be re-opened so that he could continue on the civil rights violations for monetary damages, but Judge Abdul K. Kallon denied that request because of the length of time in between re-filing to Re-open, but stated in his order that since my claims were dismissed without prejudice that I may re-assert my claims in a new action (See medical records, and Judges orders on the June 2018 Court order Case No 2:17-CV-00600-AKK-JEO)
    Plaintiff agrees that his request for Emergency Injunctive Relief is moot because of U.S. DOJ, and FBI Intervention, However that does not remove the civil rights violations.
    In Advance anticipation of the ADOC legal Division

(2)

Arguing that they didn't know (or $\overset{ADOC}{\text{wation}}$) about the danger at the time. The plaintiff can provide for the court to subpoena an Institutional Coordinator from ADOC operations that will testify that he personally was notified of all the claims made in the original abuses, and violations, face to face, that ADOC legal division Attorney J. Stewart when visiting my cell a W.E. Donaldson that I reported the same, that previous ADOC Director of Treatment Dr. Tytell can and will testify that they had knowledge, and evidence of the abuse, and 7 or 8 I&I Investigators that can & will testify that not only was the alleged incidents occurring that they petitioned operations to move plaintiff because they were happening.

    The legal division will also argue that the court does not usually interfere with day to day operations of a prison, and the plaintiff says what is normal about torture, beatings, sexual assault, rapes ect. at the hands of staff, and inmates. While they will attempt to argue that said incidents didn't happen, my injuries didn't come from no where. Plaintiff can also prove through ADOC mental health records where ADOC lied on body charts that stated I made no reports, and no injuries present, but M.H. records for the same dates prior to the time of the body charts showed injuries, and stated reported assaults, rapes, sexual assaults. Etc.

    While in said matter the plaintiff does not hold the burden of proving said incidents, but the defendants must prove they didn't happen, they will ask for case to be dismissed because it's not likely to succeed. However the court should see that it will succeed. Due to the nature of a federal investigation into this matter by the D.O.J. and the F.B.I. into this matter which is criminal, & has ran. I will refrain from naming names

(3)

At this Junction, but The Plaintiff can provide this Court in an Evidentiary Hearing with names, and oral testimony that the Court may subpoena for the next day of (2) people within ADOC operations, (8) people from ADOC I+I Division, medical personnel, mental health personnel, An FBI Agent, A DOJ U.S. Attorney Civil Rights Division, FBOP medical personnel and Duke University Medical Personnel that will Testify that these allegations did occur.

The FBI and DOJ Right now under oath will testify not only that these events took place, and that I was not safe in the ADOC Custody, but further if ever returned to their custody will most likely face death. Evidence obtained by these Federal Agencies that prove the foregoing may also be provided by them to this Court.

Plaintiff Due to the way his previous case was dismissed and in consideration that he holds no legal training request that this Court see that his case will succede and appoint Federal Counsel to represent his best Interest in this matter.

Further, Plaintiff request that for evidentiary reasons that all Documents, and In Camera Review materials from Case No: 2:17-CV-00600-AKK-JEO be made part of this case.

Plaintiff also request that this Honorable Court After Consideration set this matter for an Immediate Evidentiary Hearing so that the plaintiff can show cause to this Honorable Court Just Cause why said matter will succede with Evidence and witnesses that he is not able to discuss in this filing Due to the already Corrupt practices of members of the ADOC which are currently under Investigation by the F.B.I and DOJ.

(4)

Wherefore premises considered the plaintiff prays that this Honorable Court would review said issues, and determine that his claims are likely to succeed on its merits, and appoint Federal Counsel to protect the plaintiffs rights that have already been trampled on, further the plaintiff request that this Court have all Documents and In Camera Review materials from Case No: 2:17-CV-00600-AKK-JEO be made apart of this case for evidentiary reasons, and that this matter be set for an Evidentiary Hearing so that the foregoing may be proven further, and order that the ADOC transports the plaintiff from the custody of the FBOP to the custody of the this Courts Jurisdiction in Alabama so that said Hearing may be carried out.

The plaintiff states in closing that he was Removed From the Custody of the State of Alabama and the ADOC Due to what was Done to him, and to Stop it by the FBI & DOJ and placed in the custody of the FBOP in another state all for my safety, and that he is NOT a Federal Inmate with no Federal Charges Ever, He is under State Sentence. (See ADOC & FBOP Websites Inmate Lookup.)

I affirm that the foregoing is true and correct to the best of my knowledge under the penalty of perjury.

Done this 15th Day of August 2018.

Respectfully submitted,
Bobby J. Caldwell AIS# 204483
FBOP Reg # 02384-122

(5)